UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA T. LOLMAUGH, | No. 2:14-cv-2229 KJN P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a former state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

II. Screening Standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Rule 18(a) of the Federal Rules of Civil Procedure

Plaintiff's complaint alleges constitutional violations during his incarceration at Deuel Vocational Institute in Tracy, Folsom State Prison, and Folsom Minimum Security Facility by unidentified medical doctors, dentists, oral surgeons, administrative staff, and contract workers. (ECF No. 1 at 1-2.) Plaintiff contends that he was deprived of orthopedic devices, medications and therapies for pain and inflammation, as well as access to various services ranging from medical care to quality nutritional food to legal mail. Plaintiff raises myriad unrelated, generalized, and conclusory allegations arising during his entire period of incarceration, from April 2011 to August 26, 2013. (ECF No. 1 at 2.)

////

////

Plaintiff is advised that he may join multiple claims only if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

While it is unclear whether plaintiff may be able to state a cognizable claim, as explained more fully below, his complaint violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given an opportunity to file an amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. In addition, Eastern District Local Rule 110 provides for the imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the court if a party fails to comply with the court's Local Rules or any order of the court. Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. Aug. 29, 2012). Case law is in accord that a district

3

court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).

Thus, plaintiff's continued violation of Rule 18(a) may result in the dismissal of some of plaintiff's claims, or the dismissal of this action based on plaintiff's failure to comply with court orders.

IV. Named Defendants

Plaintiff names state agencies as defendants. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the State of California and the California Department of Corrections and Rehabilitation are legally frivolous and must be dismissed.

////

////

Plaintiff also names the County of Sacramento and the Sacramento County Sheriff's Department as defendants. However, plaintiff includes no charging allegations as to such defendants.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

////

In addition, plaintiff names doe defendants in his complaint. The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify each defendant doe and his or her alleged act committed which plaintiff contends violated his constitutional rights. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

V. Substantive Eighth Amendment Claims

Some of plaintiff's claims allege deliberate indifference to plaintiff's medical needs. Should plaintiff to choose to amend his complaint, he is advised of the following standards governing such medical claims.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059.  "A prisoner need not show his harm was substantial;

1 however, such would provide additional support for the inmate's claim that the defendant was
2 deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

3   Finally, mere differences of opinion between a prisoner and prison medical staff as to
4 proper medical care do not give rise to a § 1983 claim. Toguchi v. Chung, 391 F.3d 1051, 1058
5 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); Sanchez v. Vild,
6 891 F.2d 240, 242 (9th Cir. 1989).

7 VI. Exhaustion of Administrative Remedies

8   Plaintiff did not file his complaint on the form used for filing a civil rights complaint by a
9 prisoner. Thus, he failed to address the issue of exhaustion of administrative remedies.

10   The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to
11 provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
12 § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
13 facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
14 Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516,
15 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of
16 confinement, whether they involve general circumstances or particular episodes, and whether they
17 allege excessive force or some other wrong. Porter, 534 U.S. at 532.

18   Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal
19 standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S.
20 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings,
21 notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner
22 "seeking only money damages must complete a prison administrative process that could provide
23 some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the
24 administrative procedure cannot result in the particular form of relief requested by the prisoner
25 does not excuse exhaustion because some sort of relief or responsive action may result from the
26 grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion
27 requirement include allowing prison to take responsive action, filtering out frivolous cases, and
28 ////

1  creating administrative records).  The Supreme Court has cautioned courts against reading futility
2  or other exceptions into the PLRA exhaustion requirement.  See Booth, 532 U.S. at 741 n.6.
3         A prisoner need not exhaust further levels of review once he has either received all the
4  remedies that are "available" at an intermediate level of review, or has been reliably informed by
5  an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d 926, 934-35
6  (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief remains
7  available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained
8  available, whether at unexhausted levels or through awaiting the results of the relief already
9  granted as a result of that process.  Id. at 936-37.
10        As noted above, the PLRA requires proper exhaustion of administrative remedies.
11 Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an
12 agency's deadlines and other critical procedural rules because no adjudicative system can
13 function effectively without imposing some orderly structure on the course of its proceedings."
14 Id. at 90-91.  Thus, compliance with grievance procedures is required by the PLRA to properly
15 exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or
16 otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.  When the
17 rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's
18 complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought."
19 Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This is so because the primary purpose of
20 a prison's administrative review system is to "notify the prison of a problem and to facilitate its
21 resolution."  Griffin, 557 F.3d at 1120.
22        If plaintiff chooses to amend his complaint, he should file the complaint on the form
23 provided by the Clerk of Court and address the issue of exhaustion as required on the court's
24 form.  Plaintiff is cautioned that raising unexhausted claims may delay resolution of exhausted
25 claims.
26 VII.  Requested Relief
27        Plaintiff seeks monetary damages, attorney and legal fees, and "injunctive relief in the
28 form of defendant properly responding to requests for production of documents and things."

(ECF No. 1 at 4.)  Plaintiff is advised that injunctive relief is not an appropriate remedy for a failure to respond to discovery requests, including requests for production of documents and things.  Rather, if a defendant fails to provide an appropriate discovery response, plaintiff would file a motion to compel further discovery responses pursuant to Local Rule 230(l).  In addition, plaintiff is not represented by counsel; thus, his request for attorney fees is not appropriate.

VIII.  Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

1  detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
2  action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct.
3  1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff
4  must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
5  plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at
6  570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

12 Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions
13 can provide the framework of a complaint, they must be supported by factual allegations, and are
14 not entitled to the assumption of truth. Id. at 1950.
15        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
16 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading.  This requirement is
18 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
19 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
20 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
21 original complaint, each claim and the involvement of each defendant must be sufficiently
22 alleged.
23        As set forth above, plaintiff may not include unrelated claims in his amended complaint.
24 George, 507 F.3d at 607 (no "buckshot" complaints).
25        Finally, plaintiff is cautioned that in his amended complaint he may only join multiple
26 claims if they are all against a single defendant, and the facts alleged share commonality and the
27 same transaction.  Fed. R. Civ. P. 18(a); Fed. R. Civ. P. 20(a)(2).  Unrelated claims against
28 different defendants must be pursued in multiple lawsuits.  Thus, plaintiff must decide which

claims, identified by the court as cognizable, he will pursue in an amended complaint filed in this action, and which he will file in a separate, newly-filed civil rights complaint. As set forth above, failure to comply with this order may result in the imposition of sanctions, including dismissal of some or all of plaintiff's claims.

IX. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the instant order, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must be filed on the form provided by the Clerk of Court, bear the docket number assigned this case, and labeled "Amended Complaint"; plaintiff must file an original and one copy of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: October 28, 2014

/lolm2229.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE