1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANA T. LOLMAUGH,                          No.  2:14-cv-2229 KJN P

12                   Plaintiff,

13         v.                                   ORDER

14   STATE OF CALIFORNIA, et al.,

15                   Defendants.

16

17         Plaintiff is a former state prisoner, proceeding without counsel.  Plaintiff seeks relief

18   pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred

19   to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended

20   complaint is now before the court.

21         The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                                  1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989); Franklin, 745 F.2d at 1227.

5         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6    which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

7    support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

8    U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

9    Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

10   this standard, the court must accept as true the allegations of the complaint in question, Hospital

11   Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13   McKeithen, 395 U.S. 411, 421 (1969).

14        Plaintiff has again alleged unrelated constitutional violations during his incarceration at

15   the Placer County Jail, Deuel Vocational Institute in Tracy, Folsom State Prison, and the Folsom

16   Minimum Security Facility by unidentified individuals ranging from doctors, dentists, jail and

17   prison staff.  (ECF No. 7, *passim.*)  Plaintiff again raises myriad unrelated, generalized, and

18   conclusory allegations[1] arising during his entire period of incarceration, from April 2011 to

19   August 26, 2013.  (ECF No. 7, *passim.*)

20        Despite naming individuals as defendants in the caption of his amended complaint,

21   plaintiff fails to set forth specific factual allegations connecting each individual to an alleged

22   constitutional violation.  Plaintiff named Warden Rick Hill as a defendant, but without charging

23   allegations showing a specific link between the Warden and the alleged constitutional violation, it

24   appears that Mr. Hill is named solely in his role as warden.  However, allegations based solely on

25

26   [1]  Plaintiff claims that upon his release from prison, he was released into the wrong city and
     county "according to the Penal Code."  (ECF No. 7 at 1.)  However, plaintiff does not have a
27   constitutional right to be released to a particular city or county.  Moreover, criminal statutes do
     not give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir.
28   2006).

1    supervisory liability or respondeat superior are insufficient to state a cognizable civil rights claim.

2    (ECF No. 4 at 5.)  In addition, as plaintiff was previously informed, the Eleventh Amendment

3    bars suit against the State of California and the California Department of Corrections.  (ECF No.

4    4 at 4.)  Plaintiff should not name these agencies as defendants in any second amended complaint.

5         Plaintiff now claims that defendants were deliberately indifferent to his serious medical

6    needs in violation of the Eighth Amendment.  (ECF No. 7 at 6-7.)  Plaintiff sets forth a litany of

7    medical ailments, but fails to demonstrate how each defendant was deliberately indifferent to

8    plaintiff's serious medical needs in each instance.

9         While the Eighth Amendment of the United States Constitution entitles plaintiff to

10   medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

11   indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th

12   Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th

13   Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d

14   1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating

15   that failure to treat [his] condition could result in further significant injury or the unnecessary and

16   wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

17   indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  Deliberate indifference is

18   shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need,

19   and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at

20   1096).  The requisite state of mind is one of subjective recklessness, which entails more than

21   ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted);

22   Wilhelm, 680 F.3d at 1122.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

23   support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.

24   1980) (citing Estelle, 429 U.S. at 105-06.)

25        Some of the issues raised by plaintiff appear to be based on a negligence theory of liability

26   rather than deliberate indifference.  For example, plaintiff claims a bone spur on the left femur of

27   his hip socket was not diagnosed or treated.  (ECF No. 7 at 6.)  However, if medical staff were

28   unaware of plaintiff's bone spur, they could not have been deliberately indifferent to plaintiff's

1   need for treatment.  A failure to diagnose such a bone spur, absent specific factual allegations not

2   present here, would not rise to the level of deliberate indifference, but would constitute medical

3   malpractice or negligence, which is insufficient to violate the Eighth Amendment.  Broughton,

4   622 F.2d at 460.

5          Plaintiff may be able to state a cognizable civil rights claim as to his dental treatment, or

6   lack thereof.  Plaintiff appears to claim that his dental problem was treatable at the time he was

7   admitted to the custody of the Placer County Jail, but that because unknown individuals failed to

8   treat or failed to timely treat plaintiff's dental problems, he suffered loss of bone in the jaw

9   adjacent to his molar #30, resulting in pain, anxiety, and ultimately the loss of the molar, and loss

10  of graftable jawbone.  (ECF No. 7 at 6-7.)  Plaintiff claims he requested, both orally and in

11  writing through the medical/dental request process and the internal appeals process of the

12  California Department of Corrections and Rehabilitation, to receive appropriate dental treatment,

13  to no avail.  (ECF No. 7 at 6.)  But plaintiff fails to identify individuals responsible for these

14  alleged violations.  Plaintiff should have retained copies of administrative appeals addressing

15  such issues, which would provide plaintiff with the names of the staff allegedly responsible.[2]

16  Thus, plaintiff is granted leave to amend as to his dental claim.

17         It is unclear whether plaintiff can identify additional specific instances of failure to

18  provide adequate medical care for plaintiff's other serious medical needs and set forth specific

19  factual allegations demonstrating that a responsible individual was deliberately indifferent or

20  ―――――――――――――
    [2]  On January 28, 2011, California prison regulations governing inmate grievances were revised.
21  Cal. Code Regs. tit. 15, § 3084.7.  Now, inmates in California proceed through three levels of
    appeal to exhaust the appeal process:  (1) formal written appeal on a CDC 602 inmate appeal
    form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the
22  Director of the California Department of Corrections and Rehabilitation ("CDCR").  Cal. Code
    Regs. tit. 15, § 3084.7.  Under specific circumstances, the first level review may be bypassed.  Id.
23  The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a
    prisoner's administrative remedies.  See id. § 3084.7(d)(3).  Since 2008, medical appeals have
24  been processed at the third level by the Office of Third Level Appeals for the California
    Correctional Health Care Services.  A California prisoner is required to submit an inmate appeal
25  at the appropriate level and proceed to the highest level of review available to him.  Butler v.
    Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.
26  2002).  Also, since the 2011 revision, in submitting a grievance, an inmate is required to "list all
    staff members involved and shall describe their involvement in the issue."  Cal. Code Regs. tit.
27  15, § 3084.2(3).  Further, the inmate must "state all facts known and available to him/her
    regarding the issue being appealed at the time," and he or she must "describe the specific issue
28  under appeal and the relief requested."  Cal. Code Regs. tit. 15, §§ 3084.2(a)(4).

1    acted with a culpable state of mind in each instance.  However, in an abundance of caution,

2    plaintiff is granted leave to amend.

3          Finally, in his prayer for relief, plaintiff again seeks attorney and legal fees, and

4    "injunctive relief in the form of defendant properly responding to requests for production of

5    documents and things." (ECF No. 7 at 7.)  Plaintiff is reminded that injunctive relief is not an

6    appropriate remedy for a failure to respond to discovery requests, including requests for

7    production of documents and things.  In addition, because plaintiff is not represented by counsel,

8    he is not entitled to attorney fees.

9          For all of the above reasons, the amended complaint is dismissed.  The court will, however,

10   grant leave to file a second amended complaint.

11         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

12   the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

13   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

14   complaint must allege in specific terms how each named defendant is involved.  There can be no

15   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

16   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

17   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

18   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

19   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

20         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

21   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

22   complaint be complete in itself without reference to any prior pleading.  This is because, as a

23   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

25   pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

26   in an original complaint, each claim and the involvement of each defendant must be sufficiently

27   alleged.

28   ////

1        In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's amended complaint is dismissed; and

3        2.  Plaintiff is granted thirty days from the date of service of this order to file a second

4    amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

5    of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

6    docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

7    must file an original and two copies of the second amended complaint.

8        Failure to file a second amended complaint in accordance with this order will result in a

9    recommendation that this action be dismissed.

10   Dated:  May 22, 2015

11

12                                              _____
                                                KENDALL J. NEWMAN
13   /lolm2229.14c                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6